**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| **JORDAN DENZELL,** | |
| **Plaintiff,** | |
| | **Case No. 25-cv-00185-SPM** |
| **v.** | |
| **TARA MCCOY,** *et al.*, | |
| **Defendants.** | |

## <u>MEMORANDUM AND ORDER</u>

**MCGLYNN, District Judge:**

This matter is before the Court on two motions for preliminary injunction filed by pro se Plaintiff Jordan Denzell. (Doc. 37, 38). For the following reasons, the motions will be denied.

Plaintiff, an inmate within the Illinois Department of Corrections, initiated this case on February 7, 2025, pursuant to 42 U.S.C. §1983 for violations of his constitutional rights. (Doc. 1). In the Complaint, Plaintiff alleges that while housed at the Northern Receiving Center he fell from his bunk bed on September 11, 2023, injuring his elbow. Following his injury, he wrote several sick call slips requesting medical care, but he was never examined. Plaintiff was transferred to Menard Correctional Center (Menard) on September 20, 2023, where he continued to write sick call slips, letters, and grievances seeking medical attention for his elbow injury and ongoing pain. Plaintiff's sick call slips and letters were ignored by Defendant Tara McCoy, the nursing supervisor. Plaintiff was eventually seen by Defendant Jane Doe 1 on November 15, 2023, Defendant Jane Doe 2 on December 7, 2023, and Defendant Jane Doe 3 on January 27, 2024. At each appointment, Defendants refused to provide him with effective pain medication or otherwise treat his injury.

Page 1 of 3

Following review of the Complaint pursuant to 28 U.S.C. §1915A (Doc. 11), Plaintiff is proceeding with the following counts:

**Count 1:** Eighth Amendment claim against McCoy, Jane Doe 1, Jane Doe 2, and Jane Doe 3 for acting with deliberate indifference towards Plaintiff's elbow injury and associated pain sustained on September 11, 2023.

**Count 2:** Eighth Amendment claim against McCoy for failing to intervene and ensure that Plaintiff was provided treatment for his elbow injury and associated pain sustained on September 11, 2023.

**Count 3:** First Amendment claim against Jane Doe 1, Jane Doe 2, and Jane Doe 3 for retaliating against Plaintiff for filing grievances and sick calls.

On March 25 and 26, 2026, Plaintiff filed motions for preliminary injunction. (Docs. 37, 38). In the motions, Plaintiff states that he is now housed at Hill Correctional Center, and he continues to be denied adequate medical care for his elbow injury. He asserts that he is experiencing pain, diminished range of motion, and difficulty performing daily activities. (Doc. 37, p. 1). Plaintiff claims that he has "never seen a specialist or had digital imaging for diagnosing or to properly assess [his] injury." (Doc. 38, p. 1). Plaintiff argues that he is at risk of becoming permanently handicapped if no treatment or assessment is performed. (*Id.*). He requests a preliminary injunction ordering that an x-ray be performed, that he be taken to specialist, and that he be prescribed physical therapy. (*Id.*).

The motions for preliminary injunction are denied. The underlying claims in this case are all connected to Plaintiff's treatment, or lack thereof, by Tara McCoy and Nurses Jane Does 1, 2, and 3 at Menard in 2023 and 2024. Plaintiff, however, is no longer housed at Menard and is no longer under the care of Defendants. Thus, Defendants are not in a position to be able to continue violating Plaintiff's constitutional rights, making his request for a preliminary injunction moot. *See Lehn v. Holmes*, 364 F.3d 862, 871 (7th Cir. 2004) ("a prisoner who seeks injunctive relief for

Page 2 of 3

a condition specific to a particular prison is transferred out of that prison, the need for relief, and hence the prisoner's claim, become moot" (citing *Higgason v. Farley,* 83 F. 3d 807 (7th Cir. 1995)). Therefore, the requests for a preliminary injunction are **DENIED**. (Doc. 37, 38).

As for Plaintiff's assertions that he is not receiving adequate medical care at Hill Correctional Center, these complaints are outside the scope of the Complaint. A preliminary injunction "is appropriate only if it seeks relief of the same character sought in the underlying suit, and deals with a matter presented in that underlying suit." *Daniels v. Dumsdorff*, No. 19-cv-00394, 2019 WL 3322344, at *1 (S.D. Ill. July 24, 2019) (quoting *Hallows v. Madison Cty. Jai*l, No. 18-cv-881-JPG, 2018 WL 2118082, at *6 (S.D. Ill. May 8, 2018) (internal citations omitted)). *See also Devose v. Herrington*, 42 F.3d 470, 471 (8th Cir. 1994); *Bird v. Barr*, 19-cv-1581 (KBJ), 2020 WL 4219784, at *2 (D.C. Cir. July 23, 2020) (noting that a court "only possesses the power to afford preliminary injunctive relief that is related to the claims at issue in the litigation"). The Court does not have jurisdiction to compel or enjoin the current conduct of individual medical staff members at Hill Correctional Center, who are not parties to this case.

The Court **GRANTS** the Motion to Substitute filed by Plaintiff. (Doc. 36). Morgan Giacomo is **SUBSTITUTED** for Jane Doe 1, and Nicole Brand is **SUBSTITUTED** for Jane Doe 2. The Clerk of Court shall serve process on Giacomo and Brand in accordance with the Merits Review Order at Doc. 11. Plaintiff states that additional steps are being taken to identify Jane Doe 3. Accordingly, the deadline to identify Jane Doe 3 is extended. A motion to substitute Jane Doe 3 shall be filed on or before **April 22, 2026.**

**IT IS SO ORDERED.**

**DATED: April 1, 2026**

_s/Stephen P. McGlynn_
**STEPHEN P. MCGLYNN**
**United States District Judge**